**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN VIRTUAL CLOUD TECHNOLOGIES, INC.,<br><br>    Debtor. | Case No. 23-10020 (_)<br><br>Chapter 11<br><br>Tax I.D. No. 81-2402421 |
| In re:<br><br>AVCTECHNOLOGIES USA, INC.,<br><br>    Debtor. | Case No. 23-10021(_)<br><br>Chapter 11<br><br>Tax I.D. No. 85-3428886 |
| In re:<br><br>KANDY COMMUNICATIONS LLC,<br><br>    Debtor. | Case No. 23-10022 (_)<br><br>Chapter 11<br><br>Tax I.D. No. 82-5415853 |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER
DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

American Virtual Cloud Technologies, Inc. ("AVCT") and certain of its affiliates, the debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") the Court for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rules 1005, 1015(b) and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting the relief described below.  In support thereof, the Debtors rely upon and incorporate by reference the contemporaneously filed

*Declaration of Kevin J. Keough in Support of the Chapter 11 Petitions and Fist-Day Pleadings*

(the "<u>First Day Declaration</u>") and further represent as follows:

<b><u>RELIEF REQUESTED</u></b>

1.      The Debtors respectfully request entry of an order: (a) directing the joint administration of the Chapter 11 Cases (as defined below) for procedural purposes only; and (b) waiving the requirement that notices provided in the Chapter 11 Cases strictly comply with Bankruptcy Rule 2002(n) and implementing a simplified caption to be used in all case pleadings.

2.      In particular, the Debtors request that the official caption to be used by all parties in all papers in the jointly-administered cases be as follows:

| In re: | Chapter 11 |
|---|---|
| AMERICAN VIRTUAL CLOUD TECHNOLOGIES, INC., *et al.*, | Case No. 23-10020 (__) |
| Debtors.[1] | (Jointly Administered) |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Virtual Cloud Technologies, Inc. (2421), AVCtechnologies USA, Inc. (8886), and Kandy Communications LLC (5853). The Debtors' corporate headquarters is 1720 Peachtree Road, Suite 629, Atlanta, Georgia 30309.

3.      In addition, the Debtors request that the Court make a separate docket entry, substantially similar to the following, on the docket of each of the Debtors' chapter 11 cases other than the case of AVCT:

> An order has been entered in this case consolidating this case with the case of American Virtual Cloud Technologies, Inc., Case No. 23-10020 (___) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 23-10020 (___) should be consulted for all matters affecting this case.

2

64863/0001-43901145

## JURISDICTION AND VENUE

4.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5.      Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal predicates for the relief requested herein are sections 105(a) and 342(c)(1) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 2002(n), and Local Rule 1015-1.

## BACKGROUND

7.      On January 11, 2023, (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").  The Debtors have requested that the Chapter 11 Cases be jointly administered.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in the First Day Declaration.

8.      The Debtors continue to manage and operate their businesses as debtors in possession pursuant to section 1107 and 1108 of the Bankruptcy Code.

9.      To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").  No trustee or examiner has been appointed in the Chapter 11 Cases.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

10.      If two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of the debtor and such affiliates. Fed. R. Bankr. P. 1015(b).  Local Rule 1015-1 provides that an order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Bankruptcy Rule 1015, supported by an affidavit, which establishes that the joint administration of two or more cases pending in this Court is warranted and will ease the administrative burden for the Court and the Parties.  Del. Bankr. L.R. 1015-1.

11.      The Debtors are all "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Thus, joint administration of the Debtors' Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

12.      The joint administration of the Chapter 11 Cases will promote efficiency by permitting the Clerk of the Court to use a single, general docket for the cases and to combine notice to creditors and other parties-in-interest of the Debtors' respective estates.  The Debtors anticipate that almost all of the papers, hearings, and orders in the Chapter 11 Cases will relate to all of the Debtors.  Moreover, the use of the simplified caption set forth above will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification.

13.      The rights of the respective creditors and stakeholders of each of the Debtors will not be adversely affected by the joint administration of these cases because the relief sought is purely procedural and will not affect parties' substantive rights.

14.     The Debtors also seek a waiver of certain requirements of Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005 and provides that notices under Bankruptcy Rule 2002 contain certain information, including any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n). The Debtors submit that use of the proposed simplified caption—which contains most, but not all, of the information required by Bankruptcy Rule 2002(n)—will provide sufficient information to parties-in-interest and ensure a uniformity of pleading identification. In particular, all pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors, the last four digits of their tax identification numbers and their addresses. Moreover, the full tax identification numbers and all prior names used by the Debtors will be listed in the petitions filed by the Debtors, and such petitions are publicly available to all parties-in-interest, including on a website to be maintained by the Debtors' proposed noticing and claims agent, and will be provided by the Debtors upon request. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) have been satisfied.

15.     Courts in this district have granted similar relief in other cases. *See, e.g., In re Melinta Therapeutics, Inc.*, Case No. 19-12748 (LSS) (Bankr. D. Del. Dec. 30, 2019) [D.I. 48]; *In re Imerys Talc Am., Inc.*, Case No. 19-10289 (LSS) (Bankr. D. Del. Feb. 14, 2019) [D.I. 52]; *In re Maremont Corp.*, Case No. 19-10118 (KJC) (Bankr. D. Del. Jan. 23, 2019) [D.I. 26].

## NOTICE

16.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties listed on the Debtors' consolidated list of their twenty (20) largest unsecured creditors; (c) the United States Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of

64863/0001-43901145

Delaware; (f) Delaware State Treasury; (g) Delaware Secretary of State; and (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtors will serve this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that no other or further notice is required under the circumstances.

## NO PRIOR REQUEST

17.     No previous request for the relief sought herein has been made to this Court or any other court.

*[Remainder of page intentionally left blank]*

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order, substantially

in the form annexed hereto, granting the relief requested herein and such other and further relief

as may be just and proper.

Dated:  January 11, 2023
      Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Patrick J. Reilley*
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
preilley@coleschotz.com

-and-

Michael D. Sirota (*pro hac vice* admission pending)
David M. Bass (*pro hac vice* admission pending)
Michael Trentin (*pro hac vice* admission pending)
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: 201-489-3000
Facsimile: 201-489-1536
msirota@coleschotz.com
dbass@coleschotz.com
mtrentin@coleschotz.com

*Proposed Counsel for Debtors and
Debtors-in-Possession*

64863/0001-43901145