# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN VIRTUAL CLOUD<br>TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10020 (MFW)<br><br>(Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) WAIVING THE REQUIREMENT TO FILE EQUITY LISTS AND MODIFYING THE MANNER FOR GIVING NOTICE TO EQUITY SECURITY HOLDERS, (II) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED MASTER LIST OF CREDITORS AND (B) A CONSOLIDATED LIST OF THE DEBTORS' 20 LARGEST GENERAL UNSECURED CREDITORS, AND (III) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS AND PARTIES-IN-INTEREST**

American Virtual Cloud Technologies, Inc. ("AVCT") and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court pursuant to sections 105 and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 1001-1(c), 1007-2 and 2002-1(f)(v) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) waiving the requirement to file a list of equity holders (the "Equity List") in AVCT and modifying the manner for giving notice to equity security holders, (ii) authorizing the Debtors to file (a) a consolidated list of creditors (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Virtual Cloud Technologies, Inc. (2421), AVCtechnologies USA, Inc. (8886), and Kandy Communications LLC (5853). The Debtors' corporate headquarters is 1720 Peachtree Road, Suite 629, Atlanta, Georgia 30309.

64863/0001-44463735

"Consolidated Creditor Matrix") in lieu of filing separate lists for each Debtor and (b) a consolidated list of the Debtors' twenty (20) largest general unsecured creditors (the "Consolidated Top 20 List") in lieu of filing separate lists for each Debtor, and (iii) authorizing the Debtors to redact certain personal identifiable information for the Debtors' individual creditors and parties-in-interest. This Motion is supported by the *Declaration of Kevin J. Keough in Support of the Chapter 11 Petitions and First-Day Pleadings* (the "First Day Declaration") filed contemporaneously herewith. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final judgment or order with respect to this Motion if it is determined that the Court lacks authority under Article III of the United States Constitution to enter such final order or judgment absent consent of the parties.

3. The bases for the relief requested herein are sections 105 and 521 of the Bankruptcy Code, Bankruptcy Rule 1007, and Local Rules 1001-1(c), 1007-2 and 2002-1(f)(v).

## BACKGROUND

4. On January 10, 2023 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Debtors have requested that the Chapter 11 Cases be jointly administered.

5.     The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.     To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

7.     Additional factual background regarding the Debtors, including their business operations, capital structure, and events leading to these Chapter 11 Cases are set forth in the First Day Declaration. The relief sought in this Motion is critical to maintaining the Debtors' viability as a going concern and necessary to ultimately operate their businesses.

## RELIEF REQUESTED

8.     By this Motion, the Debtors respectfully request entry of the Proposed Order (i) waiving the requirement to file an Equity List and modifying the manner for giving notice to holders of equity interests in AVCT, (ii) authorizing the Debtors to file (a) a Consolidated Creditor Matrix in lieu of filing separate lists for each Debtors and (b) a Consolidated Top 20 List in lieu of filing separate lists for each Debtor, and (iii) authorizing the Debtors to redact certain personal identifiable information for the Debtors' employees.

## BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY

### A.     Cause Exists to Waive the Requirements to File the Equity List and Modify the Manner to Give Notice to Equity Security Holders.

9.     Bankruptcy Rule 1007(a)(3) provides that "unless the court orders otherwise," a debtor must file a list of equity security holders within fourteen (14) days after the petition date. Under Bankruptcy Rule 2002(d), unless otherwise ordered by the Court, a debtor is required to give notice of the order for relief to all equity security holders. The Court has authority to modify or waive the filing and notice requirements under the express provisions of both rules. Fed. R

3

Bankr. R. 2002(d) and 1007(a)(3); *see also* 11 U.S.C. § 105(a) ("The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.").

10.     AVCT is a NASDAQ listed public company with, as of the Petition Date, approximately 32,470,006 million shares of issued and outstanding publicly held common stock ("AVCT Stock"). Certain of AVCT's outstanding warrants are also traded on the NASDAQ. As a result, the beneficial ownership of AVCT is widely dispersed and constantly changing. Preparing a list of AVCT's equity security holders with last known addresses and sending notices to all those holders will be unduly expensive, burdensome and time consuming. Instead, the Debtors propose to provide notice by: (i) publishing the notice of commencement on the Debtors' case website established by Kroll Restructuring LLC, the Debtors' proposed claims and noticing agent (the "Claims Agent"); (ii) filing an 8-K with the United States Securities and Exchange Commission (the "SEC") within four business days following the Petition Date, notifying their investors and other parties in interest of the commencement of these Chapter 11 Cases, as well any other filings with the SEC, as necessary, and other public announcements; and (iii) serving the notice of commencement on all known registered holders of common stock and warrants. The Debtors submit that these efforts provide adequate notice to equity security holders.

11.     Courts in this District have granted similar relief to that requested herein in other chapter 11 cases. *See, e.g., In re NewAge, Inc.,* Case No. 22-10819 (LSS) (Bankr. D. Del. Sept. 29, 2022) (waiving the requirement to file a list of equity holders and modifying the notice requirements); *In re The Hertz Corporation,* Case No. 20-11218 (MFW) (Bankr. D. Del. June 24, 2020) (same); *AAC Holdings, Inc.*, Case No. 20-11648 (JTD) (Bankr. D. Del. June 23, 2020) (same).

64863/0001-44463735

12. In light of the foregoing, the Debtors submit that the present circumstances warrant similar relief in these Chapter 11 Cases and provide ample cause for the Court to waive the requirement under Bankruptcy Rule 1007(a)(3) to file the Equity List and to modify the provision of notice of the order for relief under Bankruptcy Rule 2002(d).

### B. The Court Should Authorize the Debtors to File a Consolidated Creditor Matrix in Lieu of Submitting Separate Mailing Matrices for Each Debtor.

13. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1), and Local Rule 1007-2(a) require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Local Rule 1007-2 provides that in a voluntary chapter 11 case, the debtor must file "a list containing the name and complete address of each creditor in such format as directed by the Clerk's Office Procedures." Del. Bankr. L.R. 1007-2(a).

14. Local Rule 2002-1(f)(v) further requires each debtor in jointly administered cases to maintain a separate creditor mailing matrix. See Del. Bankr. L.R. 2002-1(f)(v). Local Rule 1001-1(c), however, permits modification of the Local Rules by the Court "in the interests of justice." *Id.* at 1001-1(c).

15. The Debtors maintain various computerized lists of the names and addresses of their respective creditors that are entitled to receive notices and other documents in these Chapter 11 Cases. The Debtors believe these lists may be consolidated and utilized efficiently to provide interested parties with notices and other similar documents as contemplated by Local Rule 1007-2. The Debtors submit that permitting them to file a Consolidated Creditor Matrix, rather than filing a separate creditor matrix for each Debtor, is warranted. Accordingly, by this Motion, the Debtors seek authority to file such Consolidated Creditor Matrix identifying the Debtors' creditors in the format or formats currently maintained in the Debtors' ordinary course of business.

16.     In addition, contemporaneous with the filing of this Motion, the Debtors are filing an application for an order authorizing the retention and employment of the Claims Agent. If the request is granted, the Claims Agent will, among other things, complete the mailing of the applicable notices to the parties in the Consolidated Creditor Matrix as required by Bankruptcy Rule 2002. The Debtors believe that filing a Consolidated Creditor Matrix will enable the Claims Agent to provide notice efficiently to all entitled parties.

17.     Similar relief to that requested herein has been granted in this district. *See, e.g., In re Medly health Inc.,* Case No. 22-11257 (KBO) (Bankr. D. Del. Dec. 13, 2022) (authorizing filing of consolidated list of creditors in lieu of separate mailing matrices) *Reverse Mortgage Investment Trust Inc.,* Case No. 22-11225 (MFW) (Bankr. D. Del. Dec. 7, 2022) (same); *In re Phoenix Services Topco, LLC*, Case No. 22–10906 (MFW) (Bankr. D. Del. Sept. 28, 2022) (same); *In re Enjoy Technology, Inc.*, Case No. 10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re MD Helicopters, Inc.*, Case No. 22-10263 (KBO) (Bankr. Del. Apr. 1, 2022) (same).

    **C.**     **The Court Should Authorize the Debtors to File a Consolidated List of the Debtors' 20 Largest General Unsecured Creditors.**

18.     Pursuant to Bankruptcy Rule 1007(d), a chapter 11 debtor must file with its voluntary petition a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, that hold the twenty (20) largest general unsecured claims in the debtor's case. Fed. R. Bankr. P. 1007(d). This Consolidated Top 20 List is primarily used by the United States Trustee to evaluate the types and amounts of unsecured claims against a debtor and, thus, identify potential candidates to serve on an official committee of unsecured creditors appointed in a debtor's case pursuant to section 1102 of the Bankruptcy Code.

19.     The Debtors submit that a single, consolidated list of their combined twenty (20) largest general unsecured creditors in these Chapter 11 Cases would be more reflective of the body

of unsecured creditors that have the greatest stake in these Chapter 11 Cases rather than separate lists for each of the Debtors. In addition, the Debtors operate as a single business enterprise and certain Debtors share many creditors. Therefore, the Debtors respectfully request authorization to file a Consolidated Top 20 List. The Debtors believe that such relief is not only appropriate under the circumstances, but necessary for the efficient and orderly administration of these Chapter 11 Cases.

20. Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See, e.g., In re Medly Health Inc.,* Case No. 22-11257 (KBO) (Bankr. D. Del. Dec. 13, 2022) (authorizing a consolidated list of the top thirty general unsecured creditors) *Reverse Mortgage Investment Trust Inc.,* Case No. 22-11225 (MFW) (Bankr. D. Del. Dec. 7, 2022) (same); *In re Phoenix Services Topco, LLC*, Case No. 22–10906 (MFW) (Bankr. D. Del. Sept. 28, 2022) (same); *In re Enjoy Technology, Inc.*, Case No. 10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re MD Helicopters, Inc.*, Case No. 22-10263 (KBO) (Bankr. Del. Apr. 1, 2022) (same).

### D. The Court Should Authorize the Debtors to Redact Certain Personally Identifiable Information of Debtors' Creditors and Parties-In-Interest.

21. Section 107(c) of the Bankruptcy Code provides that:

The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

64863/0001-44463735

22.     The Debtors submit that cause exists to authorize the Debtors to redact from any paper filed or to be filed with the Court in these Chapter 11 Cases personally identifiable information, specifically home addresses, of the Debtors' individual creditors and parties-in-interest, including current or former employees and shareholders, because such information could be used, among other things, to perpetrate identity theft or for other unlawful purposes.

23.     The Debtors propose to provide an unredacted version of the creditor matrix and any other applicable filings to the Court, the U.S. Trustee, counsel to any official committee appointed in these Chapter 11 Cases, and other parties in interest upon reasonable request.

24.     Courts in this District have granted similar relief to that requested herein in other chapter 11 cases. *See, e.g., In re Medley health Inc.,* Case No. 22-11257 (KBO) (Bankr. D. Del. Dec. 13, 2022) (authorizing the debtors to redact personally identifiable information, including home address information, of the debtors' individual creditors and interest holders on the creditor matrix and similar documents filed with the court); *In re Reverse Mortgage Investment Trust Inc.,* Case No. 22-11225 (MFW) (Bankr. D. Del. Dec. 7, 2022) (same); *In re Phoenix Services Topco, LLC*, Case No. 22–10906 (MFW) (Bankr. D. Del. Sept. 28, 2022) (same); *In re Stimwave Technologies Incorporated*, Case No. 22-10541 (KBO) (Bankr. D. Del. July 13, 2022) (same); *In re Enjoy Technology, Inc.*, Case No. 10580 (JKS) (Bankr. D. Del. July 1, 2022) (same); *In re MD Helicopters, Inc.*, Case No. 22-10263 (KBO) (Bankr. Del. Apr. 1, 2022) (same).

## **NOTICE**

25.     Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties listed on the Debtors' consolidated list of their twenty (20) largest unsecured creditors; (c) the United States Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of

Delaware; (f) Delaware State Treasury; (g) Delaware Secretary of State; and (h) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, the Debtors will serve this Motion and any order entered with respect to this Motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested herein, no other or further notice is necessary.

## NO PRIOR REQUEST

26. No previous request for the relief sought herein has been made to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

64863/0001-44463735

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

Dated:  January 11, 2023
       Wilmington, Delaware

**COLE SCHOTZ P.C.**

*/s/ Patrick J. Reilley*
Patrick J. Reilley (No. 4451)
500 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 652-3131
Facsimile: (302) 652-3117
preilley@coleschotz.com

-and-

Michael D. Sirota (*pro hac vice* admission pending)
David M. Bass (*pro hac vice* admission pending)
Michael Trentin (*pro hac vice* admission pending)
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: 201-489-3000
Facsimile: 201-489-1536
msirota@coleschotz.com
dbass@coleschotz.com
mtrentin@coleschotz.com

*Proposed Counsel for Debtors and Debtors-in-Possession*