**EXHIBIT A**

Proposed Order

64863/0001-44463735

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>AMERICAN VIRTUAL CLOUD<br>TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10020 (MFW)<br><br>(Jointly Administered) |

**ORDER (I) WAIVING THE REQUIREMENT TO FILE EQUITY LISTS AND PROVIDING THE MANNER FOR GIVING NOTICE TO EQUITY SECURITY HOLDERS, (II) AUTHORIZING THE DEBTORS TO FILE (A) A CONSOLIDATED MASTER LIST OF CREDITORS AND (B) A CONSOLIDATED LIST OF THE DEBTORS' 20 LARGEST GENERAL UNSECURED CREDITORS, AND (III) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL CREDITORS AND PARTIES-IN-INTEREST**

Upon the motion (the "Motion")[2] of the Debtors for an order (this "Order") under sections 105 and 521 of the Bankruptcy Code, Rule 1007 of the Bankruptcy Rules, and Rules 1001-1(c), 1007-2 and 2002-1(f)(v) of the Local Rules (i) waiving the requirement to file a list of equity holders (the "Equity List") in AVCT and modifying the manner for giving notice to equity security holders, (ii) authorizing the Debtors to file (a) a consolidated list of creditors (the "Consolidated Creditor Matrix") in lieu of filing separate lists for each Debtor and (b) a consolidated list of the Debtors' twenty (20) largest general unsecured creditors (the "Consolidated Top 20 List") in lieu of filing separate lists for each Debtor, and (iii) authorizing the Debtors to redact certain personal identifiable information for the Debtors' creditor and parties-in-interest; and upon consideration

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Virtual Cloud Technologies, Inc. (2421), AVCtechnologies USA, Inc. (8886), and Kandy Communications LLC (5853). The Debtors' corporate headquarters is 1720 Peachtree Road, Suite 629, Atlanta, Georgia 30309.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of these proceedings and the Motion being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent provided herein.

2. The requirement under Bankruptcy Rule 1007(a)(3) for the Debtors to file the Equity List is hereby waived.

3. The requirement under Bankruptcy Rule 2002(d) to provide notice of the orders for relief or commencement (the "Notice of Commencement") on the Chapter 11 Cases to all equity security holders is hereby modified, such that the Debtor shall only be required to serve the Notice of Commencement on all known registered holders of common stock and warrants in AVCT.

4. The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be filed for each Debtor are waived, and the Debtors are authorized to file a Consolidated Creditor Matrix; *provided*, *however*, if any of the Chapter 11 Cases are converted to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor under a converted case shall file and

provide its own separate creditor mailing matrix to the Clerks office following the entry of an order converting the bankruptcy case, unless the Court orders otherwise.

5. The Debtors are authorized to submit a Consolidated Top 20 List identifying their top twenty (20) largest general unsecured creditors in these Chapter 11 Cases in lieu of each Debtor filing a list of its 20 largest unsecured creditors, *provided, however*, that if any of the Chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file and provide a separate list of its own top 20 unsecured creditors to the Clerk's office following the entry of an order converting the bankruptcy case.

6. The Debtors are authorized to redact certain personal identification information, specifically home addresses, for individual creditors, employees and equity interest holders from publicly viewable version of the creditor matrix and any other paper filed or to be filed with the Court in these Chapter 11 Cases and are directed to file an unredacted version of the Creditor Matrix under seal within three (3) business days of the date of this Order; *provided* that the Debtors shall provide an unredacted version of the creditor matrix to (a) the Court, (b) the Claims Agent, (c) the U.S. Trustee, (d) counsel to any official committee appointed in these Chapter 11 Cases (if any), (e) any subsequently-appointed trustee (if any), and (f) other parties in interest upon reasonable request.

7. As soon as practicable after entry of an order authorizing the retention of the Claims Agent, the Debtors shall furnish to the Claims Agent a Consolidated Creditor Matrix. When serving any notice in these Chapter 11 Cases on the Debtors' individual creditors, the Claims Agent, and where applicable, the Clerk of the Court, shall use the individual creditors' residential addresses unless (a) the Debtors' books and records reflect a non-residential address for such creditor or (b) such creditor has requested to receive notice at another address.

64863/0001-44463735

8.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9.     Notwithstanding any applicable Bankruptcy Rule, this Order shall be effective and enforceable immediately upon entry hereof.

10.    The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.