# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>AMERICAN VIRTUAL CLOUD<br>TECHNOLOGIES, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10020 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: January 31, 2023 at 4:00 p.m. ET**<br>**Hearing Date: February 7, 2023 at 3:00 p.m. ET** |

## DEBTORS' MOTION FOR ORDER (I) ESTABLISHING BAR DATES FOR FILING CLAIMS AGAINST THE DEBTORS AND (II) APPROVING FORM AND MANNER OF NOTICE THEREOF

American Virtual Cloud Technologies, Inc. and certain of its affiliates, the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby move (this "Motion") this Court for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Bar Date Order"), pursuant to sections 105(a), 501, 502, 503 and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 1009-2 and 2002-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (i) establishing deadlines for filing claims[2] against the Debtors in the Chapter 11 Cases (as defined below) and (ii) approving the form and manner of notice thereof. In support of this Motion, the Debtors represent as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: American Virtual Cloud Technologies, Inc. (2421), AVCtechnologies USA, Inc. (8886), and Kandy Communications LLC (5853). The Debtors' corporate headquarters is 1720 Peachtree Road, Suite 629, Atlanta, Georgia 30309.

[2] As used herein, the term "claim" shall have the meaning ascribed to such term in section 101(5) of the Bankruptcy Code.

**RELIEF REQUESTED**

1.  By this Motion, the Debtors seek entry of an order establishing deadlines for filing proofs of claim ("Proofs of Claim") in the Chapter 11 Cases and approving the form and manner of notice thereof, as follows:

    a.  the Debtors propose to establish **March 15, 2023 at 5:00 p.m. (Eastern Time)** (the "General Bar Date"), as the deadline for all persons and entities, other than governmental units, holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date (as defined below), including claims arising under section 503(b)(9) of the Bankruptcy Code, to file proofs of claim in the Chapter 11 Cases;

    b.  the Debtors propose to establish **July 10, 2023 at 5:00 p.m. (Eastern Time)** (the "Governmental Bar Date"), as the deadline for governmental units holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date to file proofs of claim in the Chapter 11 Cases;

    c.  the Debtors propose to establish the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting a creditor of the amendment to the Debtors' schedules of assets and liabilities (the "Schedules") affecting such creditor's claim, as the bar date (the "Amended Schedules Bar Date") for filing a proof of claim with respect to such amended claim; and[3]

    d.  the Debtors propose that proofs of claim for any rejection damages arising from the rejection of any unexpired lease or executory contract of a Debtor (an "Agreement") during the Chapter 11 Cases be filed by the later of (i) thirty (30) days after entry of the order approving the rejection of such Agreement, (ii) any date set by another order of this Court, or (iii) the General Bar Date or the Governmental Bar Date, whichever is applicable (the "Rejection Bar Date", and collectively with the General Bar Date, the Governmental Bar Date, and the Amended Schedule Bar Date, the "Bar Dates"). Except as further set forth herein, proofs of claim for any other claims that arose prior to the Petition Date with respect to a contract or lease must be filed by the General Bar Date.

---

[3] The imposition of the Amended Schedules Bar Date is consistent with Local Rule 1009-2, which provides a creditor with twenty-one (21) days to file a proof of claim after the date that notice of the applicable amendment is served on such creditor.

## JURISDICTION AND VENUE

2. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a), 501, 502, 503, and 1111(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), and Local Rules 1009-2 and 2002-1(e).

## BACKGROUND

4. On January 11, 2023 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). The Chapter 11 Cases are being jointly administered. The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Chapter 11 Cases, is set forth in the *Declaration of Kevin J. Keough in Support of Chapter 11 Petitions and First-Day Pleadings* [Docket No. 9].

5. The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. To date, no creditors' committee has been appointed in the Chapter 11 Cases by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"). No trustee or examiner has been appointed in the Chapter 11 Cases.

## ESTABLISHMENT OF THE BAR DATES

7. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in chapter 11 cases and provides in relevant part that: "[t]he court shall fix and for cause shown may extend the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) provides that all parties-in-interest must receive, at a minimum, twenty-one (21) days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code, which provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim). The Court has authority to grant the relief requested in this Motion in furtherance of Bankruptcy Rule 3003 and under section 105(a) of the Bankruptcy Code, which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Here, the Debtors propose to give creditors and parties-in-interest at least thirty (30) days' notice of the Bar Dates.

**A.    General Bar Date**

8. The Debtors request that the Court establish **March 15, 2023 at 5:00 p.m. (Eastern Time** as the deadline for all persons and entities, other than governmental units, holding a claim against the Debtors arising on or before the Petition Date (as defined below), including claims arising under section 503(b)(9) of the Bankruptcy Code, to file proofs of claim in the Chapter 11 Cases. The Debtors intend to give notice of the General Bar Date, substantially in the form

attached to the Bar Date Order as **Exhibit 1** (the "Bar Date Notice"), within three (3) business days after the entry of the Bar Date Order, or as soon thereafter as practical (the "Service Date"), by mailing a copy of the Bar Date Notice, together with a proof of claim form substantially in the form attached to the Bar Date Order as **Exhibit 2** (the "Proof of Claim Form"),[4] to all known persons and entities holding potential claims against the Debtors. The General Bar Date was carefully selected to ensure that potential creditors receive at least thirty (30) days' notice after the Service Date to file a claim in the Chapter 11 Cases.

9. The General Bar Date would be the date by which all persons and entities, excluding governmental units, holding or asserting prepetition claims against the Debtors must file a Proof of Claim Form unless they fall within one of the exceptions set forth in this Motion. Subject to these exceptions, the General Bar Date would apply to all persons or entities, including without limitation general unsecured creditors and creditors holding claims under Bankruptcy Code section 503(b)(9), that assert a claim against the Debtors that arose or is deemed to have arisen on or prior to the Petition Date.

10. The Debtors propose to send a Proof of Claim Form to, among others, all persons or entities scheduled on the Debtors' Schedules. When sent to a scheduled creditor, the Proof of Claim Form will be customized to specify (a) the amount of the scheduled claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; (c) whether the claim is listed as a secured, priority or general unsecured claim; and (d) the identity of the Debtor against which the person or entity's claim is scheduled. To the extent a creditor disagrees with the

---

[4] The Proof of Claim Form is substantially in the form of Official Bankruptcy Form 410, but has been modified, and may be further modified in certain limited respects, to accommodate the claims process in the Chapter 11 Cases.

5

information on the customized Proof of Claim Form, the creditor should make the necessary changes to the information on the pre-printed form regarding such claim.

### B. Inclusion of Section 503(b)(9) Claims in the General Bar Date

11. The Debtors also propose that the filing of a Proof of Claim be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code (which, despite the administrative priority status, are prepetition claims). Any claimant asserting a claim pursuant to section 503(b)(9) of the Bankruptcy Code (each, a "503(b)(9) Claim") must (i) complete the appropriate box in the Proof of Claim Form and, thereby, identify the amount of such claim believed to be entitled to administrative expense priority treatment under section 503(b)(9) of the Bankruptcy Code and (ii) attach documentation supporting such claim. To the extent that a claimant fails to identify the existence and amount of its 503(b)(9) Claim on the Proof of Claim Form, the claim will not be regarded as a 503(b)(9) Claim, and the claim will not be entitled to priority treatment under section 503(b)(9) of the Bankruptcy Code.

### C. Governmental Bar Date

12. Section 502(b)(9) of the Bankruptcy Code provides, in relevant part, that "a claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide …" 11 U.S.C. § 502(b)(9). The Debtors propose to establish **July 10, 2023 at 5:00 p.m. (Eastern Time)**, as the Governmental Bar Date. Pursuant to Bankruptcy Rule 3003(c) and section 502(b)(9) of the Bankruptcy Code, the Debtors request that any governmental units that are creditors holding or wishing to assert claims arising (or deemed to arise) on or before the Petition Date against the Debtors be required to file, on or before the Governmental Bar Date, a Proof of Claim Form on account of any such claims in accordance with the procedures set forth herein.

### D.     Amended Schedules Bar Date

13.    In accordance with Local Rule 1009-2, if the Debtors amend their Schedules to change the amount, nature, classification or characterization of a claim, the Debtors propose that the affected claimant be required to file a Proof of Claim Form or amend any previously filed proof of claim with respect to the amended scheduled claim on or before the later of (i) the General Bar Date or (ii) twenty-one (21) days from the date notice is served alerting the affected creditor of the amendment to the Schedules.  If the Debtors amend the Schedules with respect to the claim of a governmental unit, the governmental unit will be given until the later of (a) the Governmental Bar Date or (b) twenty-one (21) days from the date notice is served alerting the affected governmental unit of the amendment to the Schedules to file a Proof of Claim Form or to amend any previously filed proof of claim with respect to the amended scheduled claim.  Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds, and all of the Debtors' rights with respect thereto are expressly reserved.

### E.     Rejection Bar Date

14.    The Debtors anticipate that certain persons or entities may assert claims ("Rejection Damages Claims") in connection with the Debtors' rejection of executory contracts and/or unexpired leases pursuant to section 365 of the Bankruptcy Code.  The Debtors propose that the Court establish the later of (i) the General Bar Date or (ii) thirty (30) days after entry of any order authorizing the rejection of an executory contract or unexpired lease as the deadline for all persons and entities to file Proof of Claim Forms asserting Rejection Damages Claims.  Proof of Claim Forms for all other claims that arose prior to the Petition Date with respect to contracts or leases must be filed by the General Bar Date.

**PARTIES REQUIRED TO FILE PROOF OF CLAIM FORMS**

15. The Proposed Bar Date Order provides that each person or entity (including, without limitation, each individual, partnership, joint venture, limited liability company, corporation, estate, trust, or governmental unit) asserting a claim against the Debtors is required to file a Proof of Claim Form in the Chapter 11 Cases.

16. Each Proof of Claim Form must be <u>actually received</u> on or before the applicable Bar Date associated with such claim by Kroll Restructuring Administration LLC, the Court-approved claims and noticing agent in the Chapter 11 Cases (the "<u>Claims Agent</u>" or "<u>Kroll</u>"). Proofs of Claim must be filed by: (a) mailing or delivering the original Proof of Claim to American Virtual Cloud Technologies, Inc. Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 3rd Avenue, Suite 412, Brooklyn, NY 11232 or (b) completing the electronic Proof of Claim Form (an "<u>Electronic Proof of Claim</u>") available at https://cases.ra.kroll.com/AVCT/EPOC-Index. **Proof of Claim Forms will be deemed timely filed only if <u>actually received</u> by Kroll on or before the applicable Bar Date**.

**PROOFS OF CLAIM NOT REQUIRED TO BE FILED BY THE BAR DATE**

17. The Debtors propose that the following persons or entities whose claims otherwise would be subject to the General Bar Date or the Governmental Bar Date need **not** file Proofs of Claim:[5]

> a. Any entity that already has filed a signed proof of claim against the applicable Debtor(s) in a form substantially similar to Official Bankruptcy Form No. 410 with: (i) the Clerk of the Bankruptcy Court for the District of Delaware or (ii) the Debtors' claims and noticing agent, Kroll;

---

[5] The Debtors and other parties in interest reserve the right to dispute of any of the claims described in this paragraph, and nothing contained in this Motion, Bar Date Order or any of the notices associated therewith shall preclude the Debtors from objecting to any such claims on any ground.

    b.    Any entity (i) whose claim against a Debtor is *not* listed as "disputed," "contingent," or "unliquidated" in the Schedules or Amended Schedules and (ii) agrees with the nature, classification and amount of its claim as identified in the Schedules or Amended Schedules;

    c.    Claims of the Debtors against other Debtors;

    d.    Any direct or indirect claim of a non-debtor subsidiary of a Debtor against a Debtor;

    e.    Any holder of a claim that has been paid in full by any of the Debtors in accordance with the Bankruptcy Code or an order of the Court;

    f.    Administrative claims arising under sections 503(b)(1) through (8) and 507(a)(2) of the Bankruptcy Code;

    g.    Claims for fees and expenses of professionals retained by the Debtors and any official committee appointed in these Chapter 11 Cases;

    h.    Claims specifically exempted from the General Bar Date pursuant to a separate order of the Court in full force and effect.

18. In addition, the Debtors propose that any person or entity holding an equity security or other ownership interest in the Debtors (an "<u>Interest Holder</u>") not be required to file a proof of interest with respect to the ownership of such equity interest; *provided, however*, that any Interest Holder that wishes to assert a claim against the Debtors, including a claim that arises out of or relates to the ownership or purchase of an equity security or other ownership interests, including, but not limited to, a claim for damages, recission based on the purchase or sale of such equity security or other ownership interests, must file a proof of claim on or prior to the General Bar Date pursuant to procedures set forth herein. The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of interest.

**PROCEDURES FOR PROVIDING NOTICE OF AND FILING PROOFS OF CLAIM**

18. The Debtors propose the following procedures for providing notice of the Bar Dates and for filing proofs of claim with respect to General Claims. As set forth above, the Debtors propose to serve on all known entities holding potential claims the Bar Dates Notice Package,

9

which includes the Bar Date Notice and Proof of Claim form. The Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a Proof of Claim, the procedures for filing a Proof of Claim, and the consequences of failure to timely file a Proof of Claim. The Debtors request the Court approve the use of the Bar Date Notice substantially in the form attached to the Proposed Order as **Exhibit 1**.

19. As required by Bankruptcy Rule 3001, the Proof of Claim Form substantially conforms to Official Form 410. The Debtors request the Court approve the use of the Proof of Claim Form attached to the Proposed Order as **Exhibit 2**.

20. The Debtors intend to mail the Bar Date Notice Package by first class United States mail, postage prepaid (or equivalent service), within three (3) business days after the entry of the Bar Date Order, or as soon thereafter as practical, to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties listed on the Debtors' consolidated list of their twenty (20) largest unsecured creditors; (c) the United States Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of Delaware; (f) Delaware State Treasury; (g) Delaware Secretary of State; (h) all known potential holders of prepetition claims, including all persons and entities listed in the Schedules as potentially holding claims; (i) all entities listed on the Debtors' matrix of creditors; (j) all known holders of equity securities in the Debtors as of the date of the Bar Date Order; and (k) all parties that have requested notice in these cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order. The Debtors will also cause the Bar Date Notice to be posted by the Service Date on the website established by Kroll for the Chapter 11 Cases at https://cases.ra.kroll.com/AVCT.

21. For holders of potential claims listed in the Schedules, the Proof of Claim Form mailed to such entities will indicate how the Debtors have scheduled the creditor's claim in the

Schedules, including (a) the identity of the Debtor against which the entity's claim is scheduled; (b) the amount of the claim, if any; (c) whether the claim is listed as disputed, contingent or unliquidated (or any combination thereof); and (d) whether the claim is listed as a secured, unsecured, non-priority or unsecured priority. Any entity that relies on the information in the Schedules will bear responsibility for determining that its claim is accurately listed therein.

22. For any claim to be validly and properly filed, a claimant must deliver a completed, signed original Proof of Claim Form, together with any accompanying documentation required by Bankruptcy Rules 3001(c) and 3001(d), to Kroll, in the manner set forth below and in the Bar Date Notice, so that Kroll receives the Proof of Claim Form by no later than 5:00 p.m., Eastern Time, on the applicable Bar Date. All such filed Proof of Claims Forms must (a) be written in English; (b) be denominated in lawful currency of the United States; and (c) conform substantially with the Proof of Claim Form. The Debtors further propose that claimants may submit Proofs of Claim Forms in the following manner: (a) electronically with Kroll via the interface available at https://cases.ra.kroll.com/AVCT/EPOC-Index, or (b) delivered to Kroll via First-Class Mail, Hand Delivery or Overnight Mail to the following address:

> American Virtual Cloud Technologies, Inc.
> Claims Processing Center
> c/o Kroll Restructuring Administration LLC
> 850 3rd Avenue, Suite 412
> Brooklyn, NY 11232

23. Kroll will not accept Proof of Claim Forms submitted by facsimile or electronic mail. Kroll shall deem a Proof of Claim Form as filed when Kroll actually receives it (as described in the Bar Date Notice) by one of the two approved methods of delivery identified herein.

### EFFECT OF FAILURE TO FILE A PROOF OF CLAIM FORM

24. The Debtors propose that any person or entity that is required to file a Proof of Claim Form in the form and manner specified in the Bar Date Order and that fails to do so on or

before the applicable Bar Date: (i) be barred, estopped and enjoined from asserting such claim against the Debtors, their estates or the property of the estates, or thereafter filing a Proof of Claim Form with respect thereto in the Chapter 11 Cases; (ii) will not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting upon any plan in these proceedings; and (iii) will not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim.

## SUPPLEMENTAL MAILINGS

25.     After the initial mailing of the Bar Dates Notice Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses;[6] (b) certain parties, acting on behalf of parties in interest (e.g., banks and brokers with respect to equity or interest holders), decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Dates Notice Package in these and similar circumstances at any time up to twenty-one days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## PUBLICATION OF BAR DATE NOTICE

26.     In light of the size, complexity and geographic diversity of the Debtors' operations, potential claims against the Debtors may exist that the Debtors are unable to identify.  Such unknown potential claims may include, for example, (a) claims of trade vendors that failed to

---

[6] However, if notices are returned as "return to sender" without a forwarding address, the Debtors respectfully request that they should not be required to mail additional notices to such entity or persons.

submit invoices to the Debtors; (b) claims of former employees; (c) claims of entities with potential, un-asserted causes of action against the Debtors; and (d) claims that, for various other reasons, are not recorded in the Debtors' books and records. Accordingly, the Debtors believe that (a) it is necessary to provide notice of the Bar Dates to entities with potential claims whose names and addresses are unknown to the Debtors and (b) it is advisable to provide supplemental notice to known holders of potential claims.

27. Therefore, pursuant to Bankruptcy Rules 2002(l) and 9008, the Debtors request authority, in their discretion, to publish notice of the Bar Dates, substantially in the form attached to the Bar Date Order as **Exhibit 3** (the "Publication Notice"), in the *Wall Street Journal, The New York Times or USA Today,* as a means to provide notice of the Bar Dates to such unknown potential claimants.[7] If the Debtors decide to publish notice of the Bar Dates, the Debtors will cause such publication to occur no later than ten (10) days after the Service Date. As set forth in **Exhibit 3** to the Proposed Order, the Publication Notice will contain (a) a website address where potential claimants may download the relevant claim form and related instructions; and (b) a domestic toll-free number whereby potential claimants can seek additional information with respect to filing General Claims. As a result of all of these procedures and efforts, as well as the anticipated and ongoing public attention to the Debtors' Cases and the establishment of the Bar Dates as requested in this Motion, claimants will have or should have the information necessary to be able to file claims in these cases.

---

[7] Bankruptcy Rule 2002(l) provides that "[t]he court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

28. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, twenty-one days' (21) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

29. It is well recognized that the claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship,* 526 U.S. 434, 453 (1999). The claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate. The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—" secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *See Chemetron Corp. v. Jones,* 72 F.3d 341, 346 (3d Cir. 1995) (citation omitted).

30. The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claims and achieve administrative and judicial efficiency. Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

31. The Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective Proofs of Claim or multiple Proofs of Claim that would cause expense and delay in the claims process for all parties. Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

32. The Debtors respectfully submit that the notice procedures outlined herein regarding the Bar Dates are reasonable and appropriate and should be approved. In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties. Bankruptcy Rule 2007(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Date Order that the Court sets pursuant to Bankruptcy Rule 3003(c). Here, all of the proposed Bar Dates exceed this threshold and provide more than sufficient time for noticing the Debtors' known and unknown creditors. Additionally, the proposed procedures for service of the Bar Date Order are appropriate.

33. To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors. *See Chemetron Corp. v. Jones*, 72 F.3d at 345-46. As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date. For unknown claimants, notification by publication will generally suffice." *Id.* at 346 (citations omitted). A

15

"known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor." *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 798 n.4 (1983). An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]." *Chemetron*, 71 F.3d at 346 (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317 (1950)) (alteration in original).

34. The Debtors propose to mail the Bar Date Notice to their known creditors, identifiable by the Debtors from their books and records, but must rely on publication to give notice to any unknown creditors. This procedure is consistent with constitutional due process and applicable bankruptcy law. *See* Fed. R. Bankr. P. 2002(1), 9008; *see also Mullane,* 339 U.S. at 317; *Chemetron,* 72 F.3d at 345-46. Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice, and Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

35. In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a Proof of Claim on or prior to the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.

36. The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances

of these Chapter 11 Cases. Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code. *See e.g., In re Forever 21, Inc.,* No. 19-12122 (KG) (Bankr. Del. Nov. 5, 2019) (establishing claims bar date for claims asserted pursuant to section 503(b)(9) of the Bankruptcy Code); *In re Destination Maternity Corporation,* No. 19-12256 (BLS) (Bankr. D. Del. Dec. 10, 2019); *In re PES Holdings, LLC,* No. 19-11626 (KG) (Bankr. D. Del. Aug. 23, 2019).

37. The Debtors submit that the proposed notice procedures satisfy the *Chemetron* standard. The Debtors have identified those persons and entities that are known to the Debtors to hold claims against the Debtors or are likely to be potential holders of claims, and all such persons and entities will be served with notice of the Bar Date Order as set forth herein.

38. The procedures described herein provide creditors with both sufficient notice and opportunity to file a Proof of Claim Form. Indeed, the proposed procedures are designed to achieve the twin goals of providing comprehensive notice and clear instructions to creditors on the one hand, and allowing the Chapter 11 Cases to move forward promptly and efficiently on the other hand. Accordingly, the Debtors submit that approval of the Bar Dates and the proposed procedures for filing Proof of Claim Forms and the form, manner and sufficiency of notice of such procedures is proper and in the best interests of the Debtors, their estates and all parties-in-interest.

## **NOTICE**

39. Notice of this Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) the parties listed on the Debtors' consolidated list of their twenty (20) largest unsecured creditors; (c) the United States Securities and Exchange Commission; (d) the Internal Revenue Service; (e) the Office of the United States Attorney for the District of Delaware; (f) Delaware State Treasury; (g) Delaware Secretary of State; and (h) all parties that

have requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that in light of the nature of the relief requested no other or further notice need be given.

### **NO PRIOR REQUEST**

40. No previous request for the relief sought herein has been made to this Court or any other court.

### **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: January 24, 2023<br>Wilmington, Delaware | **COLE SCHOTZ P.C.**<br><br>*/s/ Patrick J. Reilley*<br>Patrick J. Reilley (No. 4451)<br>Jack M. Dougherty (No. 6784)<br>Michael E. Fitzpatrick (No. 6797)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, DE 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br>preilley@coleschotz.com<br>jdougherty@coleschotz.com<br>mfitzpatrick@coleschotz.com<br><br>-and-<br><br>Michael D. Sirota (admitted *pro hac vice*)<br>David M. Bass (admitted *pro hac vice*)<br>Michael Trentin (admitted *pro hac vice*)<br>Conor D. McMullan (admitted *pro hac vice*)<br>Court Plaza North<br>25 Main Street<br>Hackensack, NJ 07601<br>Telephone: 201-489-3000<br>Facsimile: 201-489-1536<br>msirota@coleschotz.com<br>dbass@coleschotz.com<br>mtrentin@coleschotz.com<br>cmcmullan@coleschotz.com<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |